**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-cv-21159-GAYLES**

*In re*

**SHEELA KUMAR,**
           **Debtor.**
                                              **Bankruptcy Case No. 11-15802-RAM**

_____/

**ZAFIR ANJUM,**
                **Appellant,**

**v.**

**BARRY MUKAMAL**, *trustee of*
*the estate of Sheila Kumar*,
                **Appellee.**

_____/


**<u>ORDER</u>**

     **THIS CAUSE** comes before the Court on Appellee's Motion to Dismiss Appeal ("Motion") [ECF No. 18]. The Court has reviewed the Motion, the parties' briefs, and the record, and it has heard oral argument by counsel. Accordingly, the Court grants the Motion.[1]

**I.**      **BACKGROUND**

     **A.**     *Factual Background*

     The facts of this case are fully set out in the bankruptcy court's record below. This Court briefly recounts the relevant facts for context. On March 18, 2005, Appellant and Sheela Kumar separated, and on September 16, 2005, divorce proceedings commenced in California. During

---

[1]    In the alternative, the Court affirms the bankruptcy court's Order on Objections to Anjum Claim and Related Summary Judgment Motions [ECF No. 1] on the merits.

1

the pendency of those proceedings, and in violation of California law restraining the transfer of property subject to marriage dissolution proceedings, Kumar conveyed title of a property in Weed, California ("Weed Property") to a British Virgin Islands company called Evidale Worldwide Limited on November 30, 2007. By order of the California Superior Court, Butte County, Case No. FL029986, on September 17, 2010, Kumar received title to several properties, including the "Weed Property," that were part of the parties' community and quasi-community estate on March 18, 2005—the date of valuation. That court ordered Kumar to pay Appellant the sum of $1,050,040 to equalize the division of the estate. [ECF No. 8-3 at 98–100, 136]. On March 4, 2011, that court entered judgment for Appellant against Kumar in the amount of $163,675 in child support overpayment [ECF No. 8-4 at 179]. On March 4, 2011, Kumar filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, commencing this bankruptcy case. On April 8, 2011, Appellant commenced a quiet title action in California state court, where, on August 16, 2011, Appellant obtained a judgment that declared title to the Weed Property in the names of "Zafir Anjum and Sheela Kumar, as community property" and enjoined Evidale Worldwide Limited from making any further claim to the Weed Property. [ECF No. 8-4 at 187].

**B.**      *Procedural Background*

On March 6, 2015, the bankruptcy court issued an order on the summary judgment motions regarding Appellant's claims against Kumar's bankruptcy estate. [ECF No. 1 at 1–6]. The court ordered, *inter alia*, that Appellant's claims from the September 17, 2010 judgment and the March 4, 2011 order on child support overpayment were "allowed as a general unsecured claim." [*Id.* at 3]. The court further ordered that the claim would be subject to setoff in the

2

amount Appellant receives for his one-half interest in the Weed Property. Appellant subsequently filed a Motion for Reconsideration, in which he argued that the court had erred in ordering his claim be offset by sale of the Weed Property. [ECF No. 8-6 at 140–43]. The court denied Appellant's motion on March 18, 2015. [ECF No. 1 at 7].

This matter came before this Court upon Appellant's bankruptcy appeal pursuant to 28 U.S.C. § 158(a). Appellant appeals the bankruptcy court's Order on Objections to Anjum Claim and Related Summary Judgment Motions and its Order Denying Motion to Reconsider [ECF No. 1]. In his Designation of Record and Issues on Appeal, Appellant stated the issue on appeal as follows: "Did the Bankruptcy Court err in reducing and/or mis-characterizing the claims of Zafir Anjum?" [ECF No. 8-2 at 2]. Appellant subsequently filed his initial brief, in which he provided two issues for this Court to consider: (1) "Did the Bankruptcy Court err in allowing Claim # 1-4 to the extent of $163,675 as a general unsecured claim instead of the asserted priority as a domestic support obligation?" and (2) "Did the Bankruptcy Court err in offsetting Mr. Anjum's claim with half of the proceeds of the sale of a house in Weed, CA, which house is not included in the bankruptcy estate?" [ECF No. 14 at 6].

Appellee Barry Mukamal—trustee of the estate of Sheila Kumar—subsequently filed this Motion to Dismiss Appeal, in which he argues that this Court should dismiss Appellant's appeal because the issues raised in the initial brief are not inferable from Appellant's blanket statement that the bankruptcy court "erred." Appellee further argues that the issues presented are raised for the first time on appeal and that this Court should therefore decline to address them.

## II.    LEGAL STANDARD

The district court has jurisdiction to hear appeals from final judgments and orders of bankruptcy judges pursuant to 28 U.S.C. § 158(a). "In reviewing bankruptcy court judgments, a district court functions as an appellate court." *Rush v. JLJ Inc.* (*In re JLJ Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993). The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*, and it cannot make independent factual findings. *See Torrens v. Hood* (*In re Hood*), 727 F.3d 1360, 1363 (11th Cir. 2013); *see Englander v. Mills* (*In re Englander*), 95 F.3d 1028, 1030 (11th Cir. 1996).

## III.    DISCUSSION

Upon appealing an order from the bankruptcy court, "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(1)(A). The Eleventh Circuit has construed this Rule as follows: "An issue that is not listed pursuant to this rule and is not *inferable* from the issues that are listed is deemed waived and will not be considered on appeal." *Snap-On Tools, Inc. v. Freeman* (*In re Freeman*), 956 F.2d 252, 255 (11th Cir. 1992) (emphasis added). "To 'infer' means 'to derive by reasoning or implication,' 'to conclude from facts or from factual reasoning,' or 'to reason from one thing to another.'" *In re Hydratech Util., Inc.*, Nos. 08-cv-0331, 08-cv-0523, 2009 WL 482275, at *2 (M.D. Fla. Feb. 25, 2009) (footnotes and citations omitted). "The Eleventh Circuit has not set forth a test for determining when an issue/ is inferable." *Bracewell v. Kelley* (*In re Bracewell*), 322 B.R. 698, 702 (M.D. Ga. 2005). It may be sufficient for the court to consider an issue if "the substance of the issue is clearly inferable from [the] arguments below," particularly those that "rely upon the

same cases." *Iberiabank v. FFS Data, Inc.* (*In re FFS Data, Inc.*), 776 F.3d 1299, 1306 n.7 (11th Cir. 2015). "As long as an issue is inferable, then Rule [8009] is not intended to bind either party to the appeal as to the issues that are to be presented." *PaeTec Commc'ns, Inc. v. Bull*, (*In re Bull*), 528 B.R. 473 (M.D. Fla. 2015) (quoting *In re Bracewell*, 322 B.R. at 701–02). "The fact that the briefed issues are more detailed . . . does not mean that the issues cannot be 'inferred' from the initial Statement of the Issues." *Id.* at 485–86.

The Middle District of Georgia has applied a three-prong test derived from other courts to determine whether an issue is "inferable" from the Rule 8006 (now Rule 8009) statement of the issues:

> First, the issue must have been raised in the bankruptcy court because an appellate court generally will not consider issues not adjudicated below. Second, and in conjunction with the previous point, the issue must not require the court to make any independent factual findings. Third, the issue must present no surprise to the other litigant.

*In re Bracewell*, 322 B.R. at 702 (citations omitted). This same three-prong test has been applied in the Southern District of Florida. *See, e.g., Sundale, Ltd. v. Ocean Bank*, 441 B.R. 384 (S.D. Fla. 2010). A blanket Rule 8009 statement "that merely accuses the bankruptcy court of having 'erred' is insufficient to infer specific grounds for error upon appeal." *See Seidling v. Kelly* (*In re Seidling*), 611 F. App'x 668, 670 (11th Cir. 2015) (per curiam) (citation omitted). "Rules are essential for the orderly processing of litigation, and a party's disregard of a rule, without good cause, ought not to be condoned." *City Sanitation, LLC v. Allied Waste Servs. of Mass., LLC* (*In re Am. Cartage, Inc.*), 656 F.3d 82, 91 (1st Cir. 2011). Accordingly, where "there are no exceptional circumstances, failure to comply with Rule [8009] waives the omitted issue on appeal." *See id.*

5

The issue before the Court is the sufficiency of Appellant's Designation of Record and Issues on Appeal—"Did the Bankruptcy Court err in reducing and/or mis-characterizing the claims of Zafir Anjum?" [ECF No. 8-2 at 2]—when coupled with the two issues raised within Appellant's subsequently filed initial brief—(1) "Did the Bankruptcy Court err in allowing Claim # 1-4 to the extent of $163,675 as a general unsecured claim instead of the asserted priority as a domestic support obligation?" and (2) "Did the Bankruptcy Court err in offsetting Mr. Anjum's claim with half of the proceeds of the sale of a house in Weed, CA, which house is not included in the bankruptcy estate?" [ECF No. 14 at 6]. The Court holds that Appellant's appeal should be dismissed because the two issues raised by Appellant in his initial brief are not properly before the Court.[2]

---

[2]     Even if this Court were to reach the merits of the appeal, it is clear from the record that the bankruptcy court should be affirmed.

### A.   *Overpayment of Child Support*

Appellant argues that the bankruptcy court erred by *sua sponte* recharacterizing his priority claim as a general unsecured claim instead of the asserted priority claim as a domestic support obligation. [ECF No. 14 at 14]. Appellant asserts that the bankruptcy court's action was invalid because there was no objection by Appellee to the priority status or any other form of notice by the bankruptcy court. [*Id.*]. However, the bankruptcy court did set a hearing [ECF No. 8-3 at 161–63] on the summary judgment motions regarding Appellant's claim objections, and the bankruptcy court did review Appellant's Motion for Reconsideration [ECF No. 8-2 at 140–43], which it denied [*Id.* at 162]. Appellant did not even address the bankruptcy court's characterization of the overpayment in his Motion for Reconsideration. In short, there was ample opportunity to address the overpayment issue before the bankruptcy court.

Under bankruptcy law, domestic support obligations are subject to first priority. 11 U.S.C. § 507(a)(1). A "domestic support obligation" is defined as a debt "owed to or recoverable by . . . a spouse, former spouse, or child of the debtor . . . in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor." *Id.* § 101(14A). There is a split of authority as to whether the reimbursement of overpayments is a support obligation receiving priority status. *See Galiardo v. Galiardo* (*In re Galiardo*), 526 B.R. 897, 899–900 (Bankr. M.D. Fla. 2013) (discussing the cases regarding overpayment of support); *In re Alewelt*, 520 B.R. 704, 711 (Bankr. C.D. Ill. 2014) (same). "Regardless of outcome, the cases generally suggest that no per se rule is appropriate, and each case should be decided on its own specific facts." *In re Alewelt*, 520 B.R. at 711.

Courts generally require the creditor to prove an element of "need" for the reimbursement to receive priority. *See Taylor v. Taylor* (*In re Taylor*), 478 B.R. 419, 426 (B.A.P. 10th Cir. 2012), *aff'd*, 737 F.3d 670 (10th Cir. 2013) (holding that the overpayment of spousal support was not a domestic support obligation because there was no "need for support" at the time the obligation arose); *In re Lutzke*, 223 B.R. 552, 554–55 (Bankr. D. Or. 1998) (classifying overpayment of child support as a general unsecured claim because creditor failed to demonstrate a "need" factor to show the overpayment was in the "nature of support"); *In re Galiardo*, 526 B.R. at 900 (finding no showing of

6

### A.      *Overpayment of Child Support*

Appellee argues that the issue of overpayment of child support as determined by the

bankruptcy court as a general unsecured claim "only appears, for the first time, in the

Appellant's Initial Brief" and that "the record is totally devoid of any record of Appellant Anjum

raising the Overpayment issue." [ECF No. 18 ¶¶ 20, 23]. Appellee further argues that because

the overpayment issue fails all three elements of the *Bracewell* test, the Court should hold the

issue noninferable from the Designation of Record and Issues on Appeal, and it should dismiss

the appeal. [*Id.* ¶ 20]. Appellant concedes that the "re-characterization issue was not argued

---

"need" where the repayment was "based on the former husband's unintentional failure to notify his bookkeeper to stop making payments once the required payments had been made in full"). *But see Allen Co. Child Support Enforcement Agency v. Baker* (*In re Baker*), 294 B.R. 281, 288 (Bankr. N.D. Ohio 2002) (declining to follow the *In re Lutzke* line of cases and instead finding that an overpayment of child support is entitled to priority where the party "was under a legal duty to make such payments"); *see also Kerr v. Meadors* (*In re Knott*), 482 B.R. 852, 856 (Bankr. N.D. Ga. 2012) (granting priority to the repayment obligation where the creditor was both paying child support to the debtor and providing at least half of the child's support while the child was in the creditor's custody).

Here, there is no evidence in the record of Appellant's need. "In the absence of any evidence that the [domestic] court order was based on the current needs of [the former spouse] or on an intent by the [domestic] court to create a support obligation for the benefit of [the former spouse], the portion of the claim related to maintenance reimbursement must be denied priority status." *In re Alewelt*, 520 B.R. at 712. Accordingly, even if this Court were to examine the Appellant's substantive arguments regarding the overpayment of support, this Court would affirm the bankruptcy court's determination.

**B.   *Offsetting Appellant's Claim with the Weed Property Proceeds***

Appellant argues there is no "formal determination that the Weed Property is property of the estate" anywhere in the bankruptcy court record [ECF No. 14 at 15]. However, there are a number of representations before, and rulings by, the bankruptcy court that make it perfectly clear that the Weed Property was considered property of the estate, including Creditor Zafir Anjum's Limited Response to Trustee's Motion to Sell Property Free and Clear of All Liens, filed on January 22, 2013, in which Appellant states that he "has no objection to the Trustee's motion to sell the subject real property." Additionally, the bankruptcy court's Order Approving Motion to Sell Real Property Free and Clear of All Liens entered on February 12, 2013, further affirms that "Title to the Weed Property subsequently became a cotenancy between Trustee and Zafir Anjum." The law of the case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). Accordingly, it is evident from the record that the Weed Property's inclusion in the estate by the bankruptcy court was with Appellant's knowledge and consent, and his argument to the contrary now is without merit. Through the California quiet title action, Appellant obtained a one-half interest in the Weed Property. The payment of $1,050,040 ordered by the California Superior Court, Butte County, was ordered to equalize the division of the estate between Appellant and Kumar once Kumar received title to various properties, including the Weed Property. Given that Appellant subsequently obtained a one-half interest in the Weed Property, it was perfectly logical— indeed correct—for the bankruptcy court to reduce Appellant's claim for the equalizing payment by half of the proceeds of the sale of the Weed Property.

below, by any party, because the court below took it upon itself to take that action." [ECF No. 20 at 7]. However, Appellant argues that the issue was properly asserted in the Designation of Record and Issues on Appeal in the question whether the court erred in "mis-characterizing the claims of Zafir Anjum." [*Id.* ¶ 4]. Appellant further argues that "[i]t is inconceivable that the Trustee cannot 'infer' from the issues stated in the Designation of Record and Issues [on Appeal]" because the Trustee previously conceded that Appellant's child support overpayment was a domestic support obligation, which constituted a priority claim. [*Id.* ¶¶ 6–7].

The Court holds that the overpayment-classification issue is not properly before this Court on appeal because Appellant failed to preserve the issue. Appellant failed to object to the bankruptcy court's determination that the overpayment constituted a general unsecured claim. On March 16, 2015, Appellant moved for the bankruptcy court's reconsideration of its ruling on the issue of the Weed Property. [ECF No. 8-6 at 140–43]. Notably absent from that motion is any objection to the bankruptcy court's reclassification of the overpayment of child support. Appellant should have raised the issue before the bankruptcy court, which has specialized knowledge of these matters. *See Sw. Airlines Co. v. Tidewater Fin. Co.* (*In re Cole*), 552 B.R. 903, 909 (Bankr. N.D. Ga. 2016) ("Bankruptcy courts are specialized courts."); *Ellswick v. Quantum3 Grp., LLC* (*In re Ellswick*), No. 15-41196, 2016 WL 3582586, at *4 (Bankr. N.D. Ala. June 24, 2016) (noting that issues that "fall within a bankruptcy court's specialized knowledge" are best raised before that court). For specialized bankruptcy matters such as the classification of claims against the estate, "a specialized tribunal is more likely to make the right decisions and accurately mete out a just result." *See In re BFW Liquidation, LLC*, 459 B.R. 757, 779, 779 n.9 (Bankr. N.D. Ala. 2011).

Issues should not be raised for the first time on appeal. *See, e.g., Reider v. Philip Morris USA, Inc.*, 793 F.3d 1254, 1258 (11th Cir. 2015) (stating that "issues raised for the first time on appeal are generally forfeited"); *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984) (stating that "an appellate court generally will not consider a legal issue or theory unless it was presented to the trial court"). However, the Eleventh Circuit recognizes five circumstances in which an issue can be raised for the first time on appeal:

> First, an appellate court will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice. Second, the rule may be relaxed where the appellant raises an objection to an order which he had no opportunity to raise at the district court level. Third, the rule does not bar consideration by the appellate court in the first instance where the interest of substantial justice is at stake. Fourth, a federal appellate court is justified in resolving an issue not passed on below . . . where the proper resolution is beyond any doubt. Finally, it may be appropriate to consider an issue first raised on appeal if that issue presents significant questions of general impact or of great public concern.

*Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) (citations omitted). The district court acts as an appellate court in bankruptcy matters such as the one before this Court. *See* 28 U.S.C. § 158(a); *United States v. Williams*, 156 B.R. 77, 81 (S.D. Ala. 1993) ("This court's function on appeal from a Bankruptcy Court's determination is to reverse, affirm, or modify only those issues that were presented to the trial judge."). In his filings before this Court, Appellant has not demonstrated that any of the five exceptions apply in this case. Accordingly, the Court holds that Appellant is precluded from now raising the overpayment-classification issue for the first time on appeal.

Additionally, the overpayment-classification issue fails all three elements of the *Bracewell* test, meriting the Court's dismissal of the appeal: (1) the issue was not raised in the bankruptcy court; (2) the issue requires this Court to make "independent factual findings"; and

(3) because the issue was not raised in Appellant's Motion to Reconsider, the Court holds that addressing the issue on appeal would present an element of surprise to Appellee. *See In re Bracewell*, 322 B.R. at 702; *see also Williams*, 156 B.R. at 83 ("The government cannot now present to this court the arguments that it should have presented to the court below.").

### B. *Offsetting Appellant's Claim with the Weed Property Proceeds*

In his initial brief, Appellant argues that the bankruptcy court improperly offset his claim with the Weed Property proceeds because that property was not included in the bankruptcy estate. But Appellee argues that Appellant's argument is not properly before this Court because it "was not included in the briefing nor the motion for rehearing" in the bankruptcy court [ECF No. 18 ¶ 23]. Appellee further argues that the issue of the Weed Property's mistaken inclusion in the bankruptcy estate is noninferable from the Designation of Record and Issues on Appeal, as the issue fails the second and third elements of the *Bracewell* test. [*Id.* ¶ 21]. Appellant asserts that he "vigorously opposed the reduction of his claim," [ECF No. 20 ¶ 16], and he argues that the issue was properly asserted in the Designation of Record and Issues on Appeal in the question whether the bankruptcy court erred in "reducing . . . the claims of Zafir Anjum." [*Id.* ¶ 9].

Subsequent to the filing of this Appeal, the bankruptcy court entered an Order Granting Plaintiff's Motion for Summary Judgment on December 16, 2015, in Adversary Case No. 15-1434 in the bankruptcy court. The Order found that Appellant and Appellee were equal co-tenants of the Weed Property and that the Appellee was permitted to sell the Weed Property. [ECF No. 27 at 48]. Final Judgment was entered the following day. A review of the docket in that adversary proceeding reflects that Appellant did not appeal the determination that Appellant and Appellee were each fifty-percent owners of the Weed Property; as such, that determination is

10

final. This Court ordered the parties to file supplemental briefing on the issue whether the judgment in the adversary proceeding rendered the second issue on appeal moot. [ECF No. 28]. The parties subsequently filed their supplemental briefs. [ECF Nos. 30 & 31].

While the majority of Appellant's Supplemental Brief fails to address the issue requested by the Court, Appellant does argue—in passing and without elaboration—that "[n]otwithstanding the lack of jurisdiction over issues raised on appeal, the Trustee effected an 'end-run' by filing an adversary proceeding in which the issue of the estate's interest in the Weed Property was raised, again." [ECF No. 30 at 6]. Indeed, the Court finds troubling that Appellee would attempt to bypass the issue raised in this appeal by commencing a separate adversary proceeding with the bankruptcy court before this Court had ruled on the issue of the Weed Property. *See Doe ex rel. Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001) (noting that "as a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal"). The complaint in the Adversary Proceeding was filed on June 30, 2015, more than three months after Appellant filed his Notice of Appeal in the instant case on March 24, 2015.

Nevertheless, a review of the transcript from the hearing on December 9, 2015, in that adversary proceeding leads this Court to conclude that Appellant forfeited his argument on appeal by his assertions before the bankruptcy court. Appellant consented and agreed that the estate had a one-half interest in the Weed Property earlier in the litigation. Judge Robert A. Mark, who presided over the underlying bankruptcy case as well as the subsequent adversary proceeding, stated as follows:

> So the summary of the ruling is that the trustee has an interest as a co-tenant, that was established in the sale order, whether it's res judicata or collateral estoppel, because it

11

may not have been fully litigated, certainly judicial estoppel would bar Anjum from contesting that after the trustee has spent an enormous amount of time and energy attempting to sell based on Anjum's consent and agreement that the estate had a one half interest.

And, moreover, even without that sale order and judicial estoppel, the Court finds that the effect of the action in California, reverting title back to the debtor and Mr. Anjum, gave the trustee the debtor's interest in the case.

[ECF No. 31 at 20]. In fact, the bankruptcy court noted that "[d]uring most of the more than four years that this case has been pending, Mr. Anjum agreed that the debtor's half interest in the property awarded in the California action[] was property of the bankruptcy estate." [*Id.* at 13]. The bankruptcy court previously entered an order approving the Trustee's motion to sell the Weed Property on February 12, 2013. And the bankruptcy court noted that the order "was not contested by Anjum, at least not as to the trustee's interest" at that time. [ECF No. 31 at 13].

This Court agrees with the bankruptcy court, holding that judicial principles grounded in such doctrines as res judicata, collateral estoppel, and law of the case bar the assertions made by Appellant in the instant appeal regarding the Trustee's one-half interest in the Weed Property.[3] "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). "While *res judicata* bars the relitigation of claims, collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998). Although Appellant initially objected to the

---

[3]   While the law of the case doctrine technically refers to the fact that "both district courts and appellate courts are generally bound by a *prior appellate decision* in the same case," *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1285–86 (11th Cir. 2004) (emphasis added), the guiding principles behind the doctrine apply here as well, *see Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir. 1987) ("The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality and obedience within the judicial system.").

inclusion of the Weed Property in the bankruptcy estate,[4] the record reflects that he consented to its inclusion at several subsequent stages of the bankruptcy court proceedings. Appellant cannot now, on appeal, suddenly object. Appellant should have properly raised the issue before the bankruptcy court prior to consenting to the sale of the Weed Property. An issue that is "never properly presented to the bankruptcy court" is "not preserved for appeal." *See Bank of Miami v. Espino* (*In re Espino*), 806 F.2d 1001, 1002 (11th Cir. 1986). Even "if the record reflects an issue was presented in a cursory manner [but] never properly presented to the Bankruptcy Court, the issue is not preserved for appeal." *Atkins v. Lowin* (*In re Monetary Grp.*), 91 B.R. 138, 140 (M.D. Fla. 1988); *accord In re George's Candy Shop, Inc.*, No. 08-0177, 2008 WL 2945560, at *3 (S.D. Ala. July 28, 2008) ("Moreover, issues that are not actively litigated, or issues that are presented only in a cursory manner before the bankruptcy court are also deemed not preserved for appeal.").

Even if the Court were to conclude that the Appellant successfully raised the Weed Property inclusion issue before the bankruptcy court—satisfying the first prong of the *Bracewell* test—he nevertheless fails to satisfy the second and third elements of the test, which renders the inclusion issue noninferable. Under the second and third prongs of the *Bracewell* framework, this Court cannot "make any independent factual findings" nor can the issue present "surprise" to the other litigant. *In re Bracewell*, 322 B.R. at 702. The Court cannot now wade deeper into the morass of the factual dispute to determine whether the Weed Property is part of the bankruptcy estate. And, more importantly, the bankruptcy court, the trustee, and the various counsel involved in this prolonged dispute relied on Appellant's constructive consent of the inclusion of

---

[4]   Appellant argued that the Weed Property was not property of the estate in his Motion for Relief from Stay filed on May 18, 2011. [ECF No. 8-3 at 91–92].

the Weed Property in the bankruptcy estate; to find that this issue is properly before this Court would present a surprise to the Appellee. Accordingly, Appellant's second briefed issue is not inferable from his question whether the bankruptcy court erred in "reducing . . . the claims of Zafir Anjum" presented in his Designation of Record and Issues on Appeal.

Appellant cannot resurrect an argument that he abandoned during the course of the proceedings below. To permit the appeal to proceed on that argument would contravene the principles of judicial efficiency and proper order. It would encourage this type of yo-yo litigation strategy in which the opposing party is met by surprising, contradictory positions each time the same issue arises throughout the various stages of the litigation.

## IV. CONCLUSION

Because the Court holds that the two issues raised by Appellant are not properly before the Court, it is hereby

**ORDERED AND ADJUDGED** that Appellee's Motion to Dismiss Appeal **[ECF No. 18]** is **GRANTED**. The Bankruptcy Appeal is **DISMISSED**. This action shall be **CLOSED** for administrative purposes, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of December, 2016.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE